COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

KARINA MARQUEZ, §

      Appellant, §

v. §

LIONARDO MARQUEZ, §

      Appellee. §

§

No. 08-12-00129-CV

Appeal from the

383rd District Court

of El Paso County, Texas

(TC# 2010CM1766)

## MEMORANDUM OPINION ON MOTION

Pursuant to Rule 24.2(a)(4) of the Rules of Appellate Procedure, Karina Marquez (Karina) filed an emergency motion to suspend enforcement of the "Phase Two" provision of the trial court's divorce decree awarding Lionardo Marquez (Lionardo) standard possession of the couple's five year-old son pending determination of her appeal. Concluding Karina has made a "proper showing" that she is entitled to relief, we grant her motion.

### FACTUAL AND PROCEDURAL BACKGROUND

During the pendency of the divorce action between Karina and Lionardo, the trial court appointed Karina Marquez temporary sole managing conservator and awarded Lionardo weekly supervised visitation. Following a trial on the merits, the trial court awarded Lionardo five hours of unsupervised visitation, but set a status hearing on visitation. At the status hearing, the trial court increased Lionardo's unsupervised visitation by one and one-half hours.

Following the status hearing, Karina moved the trial court to enter a divorce decree based

on the trial court's previous rulings. At the hearing on the motion, Lionardo, without having provided notice or produced additional evidence, asked the trial court to modify the visitation order to an extended standard possession schedule. Although Karina objected, the trial court granted Lionardo's request. Pursuant to the divorce decree signed by the trial court, "Phase Two" of the possession order – the extended standard possession schedule – would not take effect until May 3, 2012. Until then, Lionardo's visitation would remain at six and one-half hours.

Shortly after the trial court signed the divorce decree, Karina moved the trial court to suspend the "Phase Two" possession portion of the divorce decree, and also filed her notice of appeal with this court. Following a hearing on the motion to suspend, the trial court denied Karina's request.

## DISCUSSION

Section 109.002(c) of the Family Code and Rule 24.2(a)(4) of the Rules of Appellate Procedure authorize an appellate court to suspend, during the pendency of an appeal, enforcement of a final order in a suit affecting the parent-child relationship upon a "proper showing." *See* TEX. FAM. CODE ANN. § 109.002(c) (West 2008); TEX. R. APP. P. 24.2(a)(4); *see also In re A.C.S.*, 157 S.W.3d 7, 8-9 (Tex.App.--Waco 2004) (order) (per curiam) (holding that appeals court had authority pursuant to Section 109.002(c) and Rule 24.2(a)(4) to stay, pending final resolution of divorced mother's appeal from trial court's modification of conservatorship provisions of divorce decree, trial court's orders limiting mother's right to establish children's primary residence and setting date by which children were required to move back into state, since mother had made "proper showing" she was entitled to relief). Here, Karina Marquez has made a "proper showing" she is entitled to relief. Because she has done so, we grant her motion. *See In re A.C.S.*, 157

S.W.3d at 8-9.

Accordingly, pending final resolution of this appeal or further order of this Court, we hereby suspend enforcement of the "Phase Two" provision of the divorce decree signed on April 13, 2012 by the 383rd District Court of El Paso County; such provision encompassing subsection (d) of the section titled "**POSSESSION ORDER**" of the divorce decree. All other provisions of the trial court's April 13, 2012 divorce decree remain in effect, subject to each party's right of appeal.


PER CURIAM

May 2, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.
McClure, C.J., not participating